IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:07cr160-CSC |
| | ) | (WO) |
| SHILUNDA F. HENDERSON | ) | |

**ORDER**

On December 17, 2007, the defendant filed an unopposed motion to continue trial (doc. # 13) to allow for the consideration of pretrial diversion in this matter. Upon consideration of the motion, and for good cause, the court concludes that the motion should be granted.

While the granting of a motion for continuance is left to the sound discretion of the court, the Speedy Trial Act places limits on that discretion. *See* 18 U.S.C. § 3161. Under the act, the trial of a defendant must commence within 70 days of the date of the indictment or the date of the defendant's first appearance before a judicial officer, whichever is later. 18 U.S.C. § 3161(c)(1). *See United States v. Vasser*, 916 F.2d 624 (11th Cir. 1990). Excluded from this 70 day period is any continuance which a judge grants "on the basis of . . . findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A). Before granting a continuance, the court must consider among other factors "[w]hether the failure to grant [the] continuance . . . would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(I). *See also United States v. Wentland*, 582 F.2d 1022 (5th Cir. 1978). The court also must consider "whether the failure to grant such a continuance . . .

would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(8)(B)(iv).

The defendant and the United States have engaged in extensive plea negotiations and are close to a final resolution of this matter. The parties fully expect to resolve this case prior to trial. As a result of the plea negotiations, the defendant has requested pretrial diversion. and that request is under consideration by the United States. Requiring a trial under these circumstances is not beneficial to the parties or the public. For these reasons, the court finds that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and it is

ORDERED that the motion to continue trial (doc. # 13) be and are hereby GRANTED and this case be and is hereby continued for jury selection on and trial during the term beginning on **March 10, 2008 at 10:00 a.m.**

Done this 18th day of December 2007.

          /s/Charles S. Coody
          CHARLES S. COODY
          CHIEF UNITED STATES MAGISTRATE JUDGE